MARY MILLER, APPELLEE, V. MARY S. BOEHME, APPELLANT.

1. **Husband and Wife:** MORTGAGE NOT SIGNED BY WIFE: DOWER. Where a mortgage upon real estate was executed by a husband alone, and afterwards a second mortgage upon the same premises was executed by both husband and wife, which mortgage was thereafter foreclosed, both husband and wife and the first mortgagee being made parties, a sale under the decree was thereafter had, the sale confirmed, and a deed made to the purchaser, but the proceeds of the sale were not sufficient to satisfy the first mortgage, *Held,* That the wife's right of dower in the mortgaged premises was barred.

2. ————: FORECLOSURE OF MORTGAGE: WIFE'S DOWER INTEREST. A married woman who has not joined with her husband in the execution of a mortgage upon real estate not the homestead, if made a party defendant in an action to foreclose the mortgage, must assert her inchoate right of dower in the mortgaged premises or she will be barred by the decree.

APPEAL from Douglas county district court. Heard below before WAKELEY, J.

*Redick & Redick,* for appellant.

*E. W. Simeral,* for appellee.

MAXWELL, J.

This is an action to quiet the title to real estate. A decree was rendered in the court below in favor of the plaintiff, from which the defendant appeals. It appears from the record that in September, 1874, one Adolphus Boehme gave a mortgage on the land described in the petition to the plaintiff to secure the payment of $2,500, and that the defendant did not join in the execution of the same. In 1876 Adolphus Boehme executed a second mortgage to one Smith upon the land in question and other property to secure the payment of $7,000. This mortgage the defendant signed and acknowledged. In May, 1877, the plaintiff brought an action against Adolphus Boehme to foreclose her mortgage; but before she obtained a decree, Smith, the second mortgagee, brought an action to foreclose his mortgage, and made Adolphus Boehme and wife, Mary Miller, and others, defendants. The plaintiff herein filed an answer in that case, wherein she alleged that her mortgage was prior to that of Smith, and prayed for a decree of foreclosure, etc. A decree was afterwards rendered in the last case foreclosing both mortgages and declaring the Miller mortgage a prior lien on the property in question. An order of sale was issued on this decree and the property in question sold to Mary Miller, the plaintiff herein, for the sum of $1,600, leaving a deficiency of about $1,200. The sale was confirmed and a deed executed. The other property covered by the Smith mortgage satisfied that, except about $600. In October, 1883, Adolphus Boehme died, leaving the defendant his widow. The plaintiff herein seeks to quiet her title under the master's deed, and the defendant alleges that she is not barred of her dower in

the real estate in controversy. The question presented is, whether or not the defendant is barred of her right of dower in the premises described in the petition. There was but one decree of foreclosure, and that was rendered in the Smith case. The question, therefore, is, what title did the purchaser under the decree acquire? Section 853 of the code provides, in case of foreclosure, that "deeds shall thereupon be executed by such sheriff, which shall vest in the purchaser the same estate that would have vested in the mortgagee if the equity of redemption had been foreclosed, and no other or greater; and such deeds shall be as valid as if executed by the mortgagor and mortgagee, and shall be an entire bar against each of them and all parties to the suit in which the decree for such sale was made, and against their heirs respectively, and all persons claiming under such heirs." In other words the purchaser takes the title of the parties to the action. If a wife is properly made a party it is her duty to make whatever defense she may have. If she fail to do so she will be barred by the decree. Even where the wife has not signed the mortgage she may be barred of dower in certain cases, as where a jointure is settled upon her with her assent before marriage, or where a pecuniary provision is made for her benefit in lieu of dower, to which she has assented. Comp. St., Ch. 23, §§ 13, 15. A wife, too, may be directly benefited by the money received by reason of a mortgage executed by the husband alone upon real estate belonging to him, as by the payment of incumbrances upon, or purchase of other real estate. The equity rule requiring all persons who have an interest in the mortgage or the mortgaged premises to be made parties to a bill of foreclosure is to give stability to the purchaser's title, prevent a multiplicity of suits, and enable the court to distribute the proceeds of the sale of the mortgaged estate among those having claims against the same. 4 Kent Com., 185. Any surplus remaining after satisfying the decree is to be paid

to the mortgagor.   If a wife is made a party defendant in an action of foreclosure, and by suitable allegations is required to answer, there is certainly no valid reason why she should not be barred by the decree.   Undoubtedly she may answer that she is not barred of her dower in the premises; but if she do so the effect will be to cast a burden upon the land and diminish to that extent the price for which the land can be sold.   As there is a community of interest between the husband and wife, therefore, as a rule, whatever tends to enhance his pecuniary interests is equally beneficial to hers.   She may, therefore, be desirous to have the mortgaged estate sell for the highest price possible, and in consequence thereof refuse to assert her inchoate right of dower in the premises, feeling assured that the increased price for which the property will sell will more than compensate her for any possible loss of dower she may afterwards sustain.   A wife may bind herself by deed and thereby convey her estate or right of dower; and there would seem to be no reason why she should not be bound by a decree barring her right of dower to which she makes no objection.   The statute, while enlarging the rights of the wife also increases her obligations, and makes her liable in many respects in relation to her property and rights as though she was unmarried.   And this rule applies in an action to exclude her from any interest in real estate.   If the court has jurisdiction she will be bound by the decree.   As the defendant did not assert a claim for her inchoate right of dower in the premises described in the petition, and the decree of foreclosure appears to have been satisfactory to her, she cannot now complain.   The decree must therefore be affirmed.

DECREE AFFIRMED.

THE other judges concur.